[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 15, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11016
Non-Argument Calendar

_____

D. C. Docket No. 04-00066-CV-JTC-3

HAROLD DEAN HALL,

Plaintiff-Appellant,

versus

DR. ERIC TODD RICHARDSON,
FRANK KIRBY,
NITA THOMAS,
WEST GEORGIA MEDICAL CENTER, INC.,
SOUTHERN HEALTH PARTNERS, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 15, 2005)**

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Harold D. Hall, a state prisoner proceeding *pro se*, appeals the district court's dismissal of his complaint and the denial of his motion for reconsideration in his civil rights action, brought pursuant to 42 U.S.C. § 1983. For the following reasons, we affirm the decision of the district court.

Hall's complaint against Dr. Eric Todd Richardson, Eudonis Cox, Frank Kirby, Nita Thomas, Sandra Walters, the West Georgia Medical Center, and Southern Health Partners, Inc. (collectively "the defendants"), alleges that, in December 2000 and 2001, while Hall was a pretrial detainee at the Troup County jail, the defendants were deliberately indifferent to his medical needs by giving him medications to which he was allergic and by failing to provide treatment after he suffered from a stroke.

The district court dismissed Hall's complaint without prejudice for failure to exhaust administrative remedies.[1] Hall moved for reconsideration of the dismissal order. The district court denied Hall's motion for reconsideration.

On appeal, Hall contends that he could not exhaust his administrative remedies because he was transferred from the jail in which the alleged violations had occurred, and therefore, he could no longer pursue exhausting his remedies

[1]The district court noted that this complaint contained identical claims as those in Hall's previous complaint, which was also dismissed without prejudice for failure to exhaust administrative remedies on February 27, 2004.

through the administrative process and that the transfer removed the exhaustion requirements.

We review a district court's dismissal for failure to exhaust administrative remedies *de novo*. *Alexander v. Hawk*, 159 F.3d 1321, 1323 (11th Cir. 1998).

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 and 42 U.S.C. § 1997e, prisoners are required to exhaust administrative remedies prior to filing a civil rights action. Specifically, 42 U.S.C. § 1997e(a) of the PLRA mandates the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court has determined that PLRA's mandatory exhaustion requirement applies to all federal claims brought by any inmate. *Porter v. Nussle*, 534 U.S. 516, 520, 122 S.Ct. 983, 986, 152 L.Ed.2d 12 (2002). Additionally, we have explained that the exhaustion requirement is mandatory, and cannot be waived even when the process is futile or inadequate. *Alexander*, 159 F.3d at 1325-26.

The incidents of which Hall complained occurred in December 2000 and December 2001. Hall was not transferred until February 28, 2002. Thus, because Hall did not exhaust his administrative remedies when he had the opportunity to do so before his transfer, the district court properly dismissed his complaint for failure

3

to exhaust.[2]

Accordingly, we **AFFIRM**.

---

[2]We note that Hall also makes the argument on appeal that he was unable to exhaust administrative remedies because jail officials denied him access to the forms and because his physical condition left him unable to complete the process, and thus, that the administrative remedies were "unavailable" to him under the meaning of 42 U.S.C. § 1997(e)(a) of the PLRA. The Supreme Court has explained that "available" refers to "the possibility of some relief for the action complained of." *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819, 1824, 149 L.Ed.2d 958 (2001). Hall did not raise this argument until his motion for reconsideration, however, and thus we need not address this issue.